# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARCUS KOSTOLICH, KOSTOLICH GROUP, INC.,**

          **Plaintiffs,**

-vs-                                                  **Case No. 6:11-cv-80-Orl-18DAB**

**L-3 COMMUNICATIONS CORPORATION, et al.,**

          **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **CROWN PRODUCTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION (Doc. No. 82)**
>
> **FILED:** January 11, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**, in part.

> **MOTION:** **L-3 COMMUNICATION CORPORATION'S JOINDER AND MOTION TO DISMISS FOR FAILURE TO JOIN A NECESSARY PARTY (Doc. No. 83)**
>
> **FILED:** January 11, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part, as moot.

The case presents following a difficult history. On January 20, 2011, Plaintiff Marcus Kostolich, a Florida resident, and Kostolich Group, Inc., a Florida corporation, sued L-3 Communications Corporation, alleged to be a Delaware corporation with a principal place of business in Virginia and a corporate headquarters in New York (Doc. No. 1). Defendant moved to dismiss for failure to state a claim (Doc. No. 9). Plaintiff responded by filing an Amended Complaint (Doc. Nos. 19, 21). Defendant moved to dismiss the Amended Complaint (Doc. No. 27), and the Court denied the motion on July 1, 2011 (Doc. No. 39). Shortly thereafter, however, Plaintiffs moved to amend the Amended Complaint, to add additional parties plaintiff and defendants, and to allow for the removal of the corporate plaintiff as a party (Doc. No. 48). This Court granted the motion, in part, noting:

> As the motion is timely and no objection is noted, the Second Amended Complaint (Doc. No. 48-1, and exhibits) may be filed as a separate document by Plaintiffs within seven days. Although the motion purports to speak to the merit of the Second Amended Complaint, in allowing the amendment the Court need not and does not make any such finding.

(Doc. No. 49).

The Second Amended Complaint (Doc. No. 50) was filed on September 30, 2011. The additional parties were served and motions to dismiss some counts or all of the Second Amended Complaint were filed. Additionally, Plaintiffs filed a motion to drop party-plaintiff Stuart Thompson (Doc. No. 71). While these motions were pending, the undersigned issued an Order to Show Cause why the case should not be dismissed for lack of subject matter jurisdiction (Doc. No. 75), noting, in part:

> According to the operative Second Amended Complaint (Doc. No. 50), this is an action brought by a Florida resident (Allegation 4) and an Illinois resident (Allegation 5), suing under state law for damages and injunctive relief against a "Delaware corporation" with headquarters in New York and a principal place of business in Virginia (initial paragraph and Allegation 6), a Wyoming Limited Liability Company (Allegation 8), and four individual Florida residents (Allegation 11). According to the Complaint, the matter is before the Court pursuant to diversity jurisdiction, 28 U.S.C. § 1332.
> * * *

> A federal court must inquire *sua sponte* into the issue of jurisdiction when it appears that jurisdiction may be lacking. *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). As the Court is authorized to resolve any question regarding its jurisdiction at any time during the proceedings, and it appears that there is no basis for an assertion of diversity jurisdiction (and no federal question is presented), Plaintiffs are ORDERED TO SHOW CAUSE within 14 days from the date of this Order why the case should not be dismissed for lack of subject matter jurisdiction.

(Doc. No. 75).

Plaintiff responded to the show cause Order by offering to drop certain non-diverse defendants and one count of the operative complaint (Doc. Nos. 76 and 77). The Court denied the pending motions, noting:

> Plaintiffs now acknowledge, as they must, that the Court lacks subject matter jurisdiction over the Second Amended Complaint as presently pled, and, in separate motions, seek to remedy the situation by dropping party defendants, a party plaintiff, and Count VI.[fn omitted] The Court is not pleased with the current state of events, as it is now almost a year since filing suit and, despite numerous amendments, there is presently no cognizable complaint before the Court. Nonetheless, consistent with the well-established policy which favors resolution of claims on their merits wherever possible, Plaintiff(s) shall have until **Tuesday, December 20, 2011**, to file a **final amended** complaint, clearly identifying all parties and the basis for jurisdiction. Plaintiff is cautioned that failure to file a proper amended pleading timely may result in dismissal of this action for lack of jurisdiction.

(Doc. No. 78–emphasis original).

Plaintiff timely filed the Third Amended Complaint (Doc. No. 79), purporting to state a cause of action against L-3 Communications and Crown Products & Services, LLC. Defendants filed the instant motions and, on April 19, 2012, the motions were referred to the undersigned. The matter has been fully briefed and is ripe for resolution. For the reasons set forth herein, it is **respectfully recommended** that the action be **dismissed** for lack of subject matter jurisdiction.

In its motion (Doc. No. 82), Crown notes that it is a limited liability company whose managing member is a Florida citizen (Doc. No. 82 -1). In response (Doc. No. 84), Plaintiff acknowledges the lack of diversity, but asserts that Plaintiff had a good faith basis for concluding that diversity existed,

because Crown was "not forthcoming" with the member's citizenship. The presence or absence of good faith is irrelevant to the question of jurisdiction. The Court either has jurisdiction or it does not. The parties cannot confer it, and the Court is powerless to act without it. As the parties agree that the current complaint, the *fourth* complaint filed by Plaintiff, is not within the Court's limited jurisdiction, it must be dismissed.

Defendants urge the Court to dismiss the matter "with prejudice" while Plaintiff offers to "resolve the issue of lack of diversity jurisdiction" by "agreeing to dismiss Crown from this action without prejudice" (Doc. No. 84 at 3). Neither position is appropriate. Plaintiff has had numerous opportunities to state a cognizable claim in this Court and was fully advised that failure to file a proper amended pleading could result in dismissal of the action. Regardless of the good faith of Plaintiff, the fact remains that despite this warning and ample opportunities to amend, the operable complaint filed by Plaintiff, like the one before it, fails to plead a cause of action within the limited jurisdiction of the Court. Considering the history of this matter, the absence of any federal question, and the parties' admission that Plaintiff could bring all of his state law claims in state court (Doc. No. 85 at 15; Doc. No. 83 at 7), the Court recommends dismissal of the Third Amended Complaint, without prejudice to bringing same in an appropriate state court. In view of this recommendation, the Court need not reach L-3's arguments regarding dismissal for failure to join a necessary party (Doc. No. 83).[1]

It is therefore **respectfully recommended** that Crown's motion, and L-3's motion (Doc. No. 83), to the extent it joins in Crown's motion, should be **granted, in part.** The action should be dismissed, without prejudice to bringing same in the appropriate state court.

---

[1] L-3 acknowledges that its motion, which assumes (incorrectly) that the Court will allow the operative complaint to proceed without Crown, is premature. The Court agrees.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 2, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy